IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dr. Kendra Green,<br><br>  Plaintiff,<br><br>v.<br><br>Florence School District One, Dr. Richard O'Malley, Superintendent (in his official and individual capacity), and Gregory Hall, Assistant Superintendent (in his official and individual capacity),<br><br>  Defendants. | Case No:<br><br>COMPLAINT |

## INTRODUCTION

Plaintiff Kendra Green, by and through her undersigned counsel, hereby brings the Causes of Action of Race Discrimination/Racially Hostile Work Environment pursuant to Title VII of the Civil Rights Act of 1964, as amended, Breach of Contract, Negligent Supervision, Conspiracy, and Retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, against Florence School District One and Dr. Richard O'Malley, Superintendent, ("Defendants") based on the following allegations.

## ADMINISTRATIVE CHARGE

1. Plaintiff has exhausted all administrative remedies and prerequisites prior to filing this lawsuit, including timeliness, deferral, and all other jurisdictional requirements necessary for the maintenance of this Action, as described below:

   a. Plaintiff timely filed a Charge with the Equal Employment Opportunity Commission ("EEOC") and South Carolina Human Affairs Commission("SHAC") on April 7, 2023.

b. Plaintiff received a Notice of Right to Sue from the EEOC on July 24, 2023.

c. Plaintiff has timely filed this action within ninety (90) days of the date on which she received her Notice of Right to Sue as described in Paragraph 1(b).

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e (5), this being a proceeding to enforce rights and remedies secured under 42 U.S.C. Section 2000(e) et. seq. (Title VII of the Civil Rights Act of 1964 ("Title VII")) and other Federal statutes. This Court also has pendant and supplementary jurisdiction over so much of this action as is based on State law.

3. Venue is proper in the Florence Division, because the Causes of Action arose therein, the acts and practices complained of occurred there, and it is where Defendant does business and may be found.

## PARTIES

4. Plaintiff Kendra Green is a citizen of the State of South Carolina and resides in Florence County.

5. Defendant Florence County School District One ("School District") is a unit of the State of South Carolina. Defendant School District is a school district, as defined in S.C. Code Ann. § 59-17-10, and a political subdivision, as defined in S.C. Code Ann. § 15-78-30(h), having agents, employees, offices, or properties in Florence County, South Carolina. At all times relevant to this Complaint, School District was acting by and through its agents, servants, employees and/or officers.

6. Upon information and belief, Defendant Dr. Richard O'Malley is an employee of Defendant School District and resides in Florence County.

7. Upon information and belief, Defendant Gregory Hall is an employee of Defendant School District and resides in Florence County.

## FACTS

8. Plaintiff was employed by Defendant School District from on or around September 28, 2015 until her constructive termination on or around April 5, 2022.

9. From 2015 to 2021, Plaintiff was employed as an Assistant Principal at West Florence High School, and later Principal of Williams Middle School.

10. At all times, Plaintiff performed her job well and to the best of her ability.

11. Due to her previous success as an Assistant Principal, for the 2020-2021 school year, Plaintiff was promoted and employed as Principal of Williams Middle School.

12. Almost immediately upon her promotion, Plaintiff noticed she was treated much differently than her Caucasian counterparts at other schools.

13. For instance, Plaintiff was repeatedly asked to discipline her two African-American Vice Principals by Defendant Superintendent Dr. Richard O'Malley (WM) and Assistant Superintendent Mr. Gregory Hall (WM), while she was prevented from disciplining Caucasian teachers and staff.

14. When Plaintiff did try to discipline teachers or otherwise address professional concerns, she was written up and told this was "due to actions taken against her teachers," but no other explanation was given. Unlike her Caucasian counterparts, Plaintiff was prevented from fully performing her job, and instead threatened.

15. When Plaintiff complained about Defendant Hall's actions to Defendant O'Malley, Defendant O'Malley told Plaintiff he had directed Defendant Hall to take those actions.

16. When Plaintiff lost one of her Vice Principals during the school year, she was prevented from filling the position by Defendants O'Malley and Hall, who rejected qualified candidates, and later instituted new policies which removed Plaintiff from the interview process entirely. This position was never filled, and Plaintiff was forced to work short staffed, while her Caucasian counterparts were not.

17. On or around April 1, 2022, there was an incident involving a gun on campus. Plaintiff followed appropriate protocols, to include drafting a statement to parents. Plaintiff was informed by Defendant Hall that she could not write the statement, and that he would do so. Plaintiff later sent out the prepared statement as instructed.

18. Following this incident, on April 4, 2022, Plaintiff was called to an abrupt meeting with Defendant O'Malley and Chief Personnel Officer Nathaniel Marshall, during which she was informed by Defendant O'Malley that she had to resign, or he would publicly humiliate her.

19. Plaintiff is aware of a Caucasian principal who also had an incident involving a gun at their school. However, this principal was only written up, and not forced to resign.

20. On April 5, 2022, a staff meeting was held in which Defendant O'Malley informed attendees Plaintiff would be leaving, and then introduced a new Caucasian principal.

21. Defendants later released a statement to the community which included Plaintiff's private information following her forced resignation, which was circulated among her peers.

22. Plaintiff is aware of Caucasian principals who left their schools, but were not subject to such treatment; upon information and belief, these actions were taken against Plaintiff solely because of her race.

FIRST CAUSE OF ACTION

*Racial Discrimination / Racially Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964*

23. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

24. Plaintiff asserts that the preferential treatment, harassment and termination were a mere pretext for the discrimination against Plaintiff based on her race.

25. Defendant was wanton, reckless, and intentional in its discrimination against the Plaintiff in changing the terms and conditions of her employment based upon her race.

26. In failing to protect Plaintiff from race discrimination, preferential treatment, or harassment, the Defendants acted with malice and/or reckless indifference to the federally protected rights set out in Title VII of the Civil Rights Act of 1964, as amended.

27. Defendants violated Title VII of the Civil Rights Act of 1964, as amended, by allowing race discrimination, race-based harassment, and race-based preferential treatment to exist in the workplace.

28. The Defendants wrongful actions set forth as aforesaid constituted a hostile work environment for the Plaintiff. Defendants violated Title VII of the Civil Rights Act of 1964, as amended, by allowing a racially hostile work environment to exist in the workplace.

29. The aforesaid conduct of Defendants and Defendants' agents and servants, violated laws against harassment and was in fact harassment in nature and violation of Title VII of the Civil Rights Act of 1964, as amended.

30. As a direct and proximate result of Defendants' discrimination on the basis of her race, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

31. Defendants' employment discrimination has caused, continues to cause, and will cause Plaintiff to suffer substantial damage for pecuniary losses, embarrassment, humiliation,

pain, suffering, and mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

32. Plaintiff is entitled to injunctive relief and/or civil damages from Defendants as a result of the employment discrimination alleged above.

33. Due to that acts of Defendants, their agents, and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

SECOND CAUSE OF ACTION
*Breach of Contract*

34. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

35. Plaintiff and Defendant entered into a binding and valid contract whereby Defendant offered Plaintiff employment. Plaintiff accepted the offer of employment and agreed to fulfill the duties of her position in exchange for valuable consideration, her salary, as well as Defendant's guarantees that she would be protected from discrimination and other illegal acts.

36. Defendant maintains an employment handbook and its own policies and procedures.

37. At all times during the course of her employment, Plaintiff relied on the promises contained in Defendant's handbook, policies and procedures, and governing documents.

38. Defendant breached its employment contract with Plaintiff and its own policies and procedures by failing to protect Plaintiff from the actions of Defendants, to include retaliation on the basis of Plaintiff's protected complaints.

## THIRD CAUSE OF ACTION
*Negligent Supervision*

39. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

40. Defendant School District failed to use due care in supervising its employees, specifically Defendant Hall.

41. Defendant Hall was permitted to misuse his supervisory authority over Plaintiff to target Plaintiff in disciplinary actions for her protected complaints.

42. By failing to appropriately supervise Defendant Hall, Defendant permitted Defendant Hall to pretextually issue Plaintiff a writeup despite a failure to investigate the veracity of these allegations.

43. Defendant knew or should have known that Defendant Hall's repeated targeting of Plaintiff demonstrated his propensity, proclivity, or course of conduct sufficient to put the employer on notice of the possible danger to Plaintiff and her employment.

44. Plaintiff's wrongful discipline has a sufficient nexus to Mr. Hall's misconduct in targeting the plaintiff with employee discipline for acts which were not violative of Defendant policy because the same actor targeted the same victim for the same ultimate purpose: to manufacture support of his objective—to discriminate against Plaintiff.

45. Accordingly, due to the acts of Defendant and its agents, Plaintiff is entitled to injunctive relief and civil damages, back wages plus interest, and payment for lost wages. Plaintiff is further entitled to actual and compensatory damages in the value and nature of her lost wages, benefits and front pay, with interest applied thereupon, in addition to any liquidated damages, reasonable attorneys' fees and the costs of bringing this action.

## FOURTH CAUSE OF ACTION
*Civil Conspiracy*

46. Plaintiff reiterates each and every allegation contained in the preceding paragraphs as if set forth verbatim herein.

47. Defendant O'Malley exceeded the scope of his by employment by abusing his supervisory capacity to cause injury to the plaintiff. This injury was both foreseeable and preventable had the Department adequately supervised Defendant O'Malley.

48. Defendant O'Malley enlisted the help of Defendant Hall to manufacture pretextual justification to constructively terminate Plaintiff and force Plaintiff to resign. Defendant Hall's assistance, through his additional write up of Plaintiff, furthered the conspiracy.

49. The natural consequence of Defendant O'Malley's and Defendant Hall's combined actions caused special damages to Plaintiff apart from any other damages pleaded herein. Specifically, the acts in furtherance of this conspiracy as alleged have and will continue to cause Plaintiff special damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and further non-pecuniary losses.

50. Accordingly, due to the acts of Defendant and its agents, Plaintiff is entitled to injunctive relief and civil damages from Defendants O'Malley and Hall.

51. Plaintiff is further entitled to injunctive relief and/or civil damages, renumeration for lost wages and benefits, reinstatement of benefits, and front pay.

## FIFTH CAUSE OF ACTION
*Retaliation in Violation of Title VII of the Civil Rights Act of 1964*

52. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

53. Plaintiff repeatedly objected to and protested the violations of her federally protected rights within the Defendant's administrative structure and later, to the Equal Employment Opportunity Commission.

54. After Plaintiff sought to seek relief from Defendant's discriminatory practices, to include but not limited to consulting with upper management through the chain-of-command, Defendant retaliated against her by a continuance of harassment and by not addressing her complaints.

55. Accordingly, Plaintiff is entitled to compensatory and punitive damages in the nature of the value of her lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and her reasonable attorney's fees for the bringing of this action.

## JURY TRIAL REQUESTED

56. Plaintiff requests a jury trial.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff prays that this Honorable Court declares that Defendant's actions complained of herein violated the rights guaranteed to Plaintiff and issue its judgment:

   a. Declaring the actions complained of herein illegal.

   b. Issuing an injunction enjoining the Defendants, their agents, employees, successors, attorneys and those acting in concert or participation with the Defendants, and at their direction from engaging in the unlawful practices set forth herein and any other employment practices shown to be in violation Title VII of the Civil Rights Act of 1964, as amended (race discrimination / racially hostile work environment / retaliation), breach of contract, and the common laws of the State of South Carolina.

c. Awarding Plaintiff compensatory and punitive damages for each Cause of Action contained herein as appropriate, which the jury should find appropriate as a result of the Defendants' unlawful discriminatory actions taken as the result of Plaintiff's race and other pled causes of action; including mental anguish, pain and suffering, harm to Plaintiff's economic opportunities, any back pay, front pay and future earnings with cost of living adjustments, prejudgment interest, fringe benefits, and retirement benefits;

d. Awarding Plaintiff her costs and expenses in this action, including reasonable attorney fees, and other litigation expenses; and

e. Granting such other and further relief as may be just and necessary to afford complete relief to the Plaintiff as this Court may deem just and proper.

Respectfully Submitted,

__s/Donald Gist_____
Donald Gist, Esq. Fed. ID# 7178
Erica McCrea, Esq. Fed. ID# 13493
***GIST LAW FIRM, P.A.***
4400 North Main Street
Columbia, South Carolina 29203
Tel. (803) 771-8007
Fax (803) 771-0063
Email: dtommygist@yahoo.com
         ericamccrea.gistlawfirm@gmail.com

***Attorneys for Plaintiff***

October 20, 2023