IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DR. KENDRA GREEN, | ) | C/A NO. 4:23-cv-05267-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| FLORENCE SCHOOL DISTRICT ONE, DR. RICHARD O'MALLEY, SUPERINTENDENT (in his official and individual capacities), and GREGORY HALL, ASSISTANT SUPERINTENDENT (in his official and individual capacities), | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina (DE 48), concerning Defendants' Motion for Summary Judgment (DE 36; DE 37).[1] The Report recommends granting the motion. (DE 48.)

Plaintiff Dr. Kendra Green ("Plaintiff") filed an objection (DE 49), and Defendants filed a reply (DE 50). Having carefully reviewed the Report and the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

record, the Court adopts the Report (DE 48) in full after de novo review of the objections and grants Defendants' Motion for Summary Judgment (DE 36) on Plaintiff's federal claims and dismisses Plaintiff's state-law claims without prejudice.

## I. BACKGROUND

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

A.  Factual Background

Plaintiff Dr. Kendra Green began her employment with Defendant Florence School District One ("District") in September 2015 as an assistant principal at West Florence High School. In 2021, she applied for and was selected as principal of Williams Middle School following a multi-step interview process. To support her transition into the position, the District assigned her a mentor and Defendant Gregory Hall, Assistant Superintendent of Secondary Education, worked with her on a regular basis. (DE 37-1; DE 37-2; DE 37-4.)

During Plaintiff's tenure as principal, District administration documented a number of concerns regarding school operations, including student discipline procedures, reporting of safety incidents, student engagement, parent complaints, and compliance with District policies. (DE 37-1; DE 37-6; DE 37-7; DE 37-8.) Plaintiff received written reprimands in March 2022 addressing failures to follow directives related to student discipline and safety and warning that additional infractions could result in a recommendation for termination. (DE 37-11; DE 37-12.) Superintendent Dr. Richard O'Malley subsequently met with Plaintiff to discuss these concerns and

the need for improvement in school climate, staff relations, and safety oversight. (DE 48 at 7.)

In April 2022, after concluding that sufficient improvement had not occurred, Dr. O'Malley informed Plaintiff that he had lost confidence in her ability to continue in the role and offered her the option to resign or face a recommendation for termination. Plaintiff resigned the following day. (DE 37-2; DE 37-13.) Plaintiff contends that the stated performance concerns were pretextual and that she was subjected to race discrimination, a racially hostile work environment, and retaliation for complaining about disparate treatment. She also asserts state-law claims for breach of contract, negligent supervision, and civil conspiracy. (DE 1; DE 42.)

B.     Procedural Posture

Plaintiff filed this action on October 20, 2023. (DE 1.) Defendants answered the Complaint, and the parties conducted discovery pursuant to the Court's scheduling order. (DE 5; DE 8.) Defendants moved for summary judgment on all claims on March 14, 2025. (DE 36; DE 37.) Plaintiff filed a response in opposition. (DE 42.) The Magistrate Judge issued a Report and Recommendation recommending that summary judgment be granted as to Plaintiff's federal claims and that the Court decline to exercise supplemental jurisdiction over the remaining state-law claims. (DE 48.) Plaintiff filed objections, and Defendants filed a reply. (DE 49; DE 50.)

II.     REPORT AND RECOMMENDATION

In the Report, the Magistrate Judge recommends granting Defendants' Motion for Summary Judgment as to Plaintiff's federal claims and declining to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. (DE 48.)

As to Plaintiff's claims for race discrimination under Title VII and 42 U.S.C. § 1981, the Report concludes that Plaintiff failed to establish a prima facie case because the record does not demonstrate that she was meeting Defendants' legitimate performance expectations or that similarly situated employees outside her protected class were treated more favorably. (DE 48 at 12–13.) Alternatively, the Report finds that Defendants articulated legitimate, nondiscriminatory reasons for the employment actions at issue. (DE 48 at 12.)

With respect to Plaintiff's hostile work environment claim, the Report determines that the alleged conduct, viewed in the light most favorable to Plaintiff, was not sufficiently severe or pervasive to alter the terms and conditions of her employment and was not shown to be based on race. (Id. at 14–15.)

As to Plaintiff's retaliation claim, the Report concludes that Plaintiff failed to establish that she engaged in protected activity or that any alleged adverse action was causally connected to such activity. (Id. at 15–16.)

Having recommended dismissal of all federal claims, the Report further recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims for breach of contract, negligent supervision, and civil conspiracy. (Id. at 17.)

### III. LEGAL STANDARD

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citing Thomas v. Arn, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

### IV. OBJECTIONS

Plaintiff advances several objections to the Report. She principally contends that the Magistrate Judge failed to view the evidence in the light most favorable to the nonmoving party, improperly relied on Defendants' affidavits, and resolved disputed issues of fact that should be presented to a jury. Plaintiff further argues that genuine disputes of material fact exist as to her race discrimination, hostile work environment, and retaliation claims and that the Court should retain supplemental jurisdiction over her state-law causes of action. (DE 49.) The Court addresses these objections in turn.

A.   Race Discrimination Claims

Plaintiff first objects to the recommendation that summary judgment be granted on her Title VII and § 1981 race discrimination claims. She contends that she presented sufficient evidence of satisfactory job performance and disparate treatment to proceed to trial. She also argues that the Magistrate Judge improperly credited Defendants' evidence while discounting her deposition testimony. (DE 49 at 6–11.)

The Court finds this objection unavailing. At the summary judgment stage, the nonmoving party must identify specific facts in the record demonstrating a genuine dispute for trial; she may not rest on allegations in the pleadings or conclusory assertions. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Defendants correctly note that Plaintiff's response and objections do not supply record-specific citations demonstrating a triable issue and instead refer generally to Plaintiff's deposition testimony. (DE 50 at 2–4.) The Court has nevertheless reviewed the record de novo and agrees with the Magistrate Judge that Plaintiff has not produced evidence sufficient to establish a prima facie case of race discrimination. (DE 48 at 11–13.)

As to the "satisfactory performance" element, the Report explains that the record reflects recurring performance concerns addressed by District leadership beginning in September 2021 and continuing almost monthly until Plaintiff was asked to resign in April 2022. (DE 48 at 11–12.) The Report further notes that, in her response to summary judgment, Plaintiff did not address those documented areas of concern regarding her job performance. (DE 48 at 12.) On this record, Plaintiff has

not presented sufficient evidence to create a genuine dispute of material fact as to whether she was meeting Defendants' legitimate expectations. (DE 48 at 12.)

Plaintiff also fails to satisfy the "comparator" element. The Report acknowledges Plaintiff's deposition testimony identifying a white principal in the District, April Leroy, who allegedly had an incident involving a weapon but was reprimanded rather than asked to resign. (DE 48 at 12–13.) The Report correctly concludes, however, that Plaintiff did not present evidence showing that Ms. Leroy was similarly situated "in all relevant respects," including evidence that Ms. Leroy had the distinguishing circumstance present here—continued, repeated performance concerns accumulating over several months. (DE 48 at 12–13.) Because Plaintiff has not shown that a similarly situated comparator outside her protected class was treated more favorably, she cannot establish a prima facie case of disparate treatment. (DE 48 at 12–13.)

Accordingly, Plaintiff has failed to present evidence creating a genuine dispute of material fact as to discriminatory intent or pretext, and this objection is overruled.

B.     Hostile Work Environment

Plaintiff next objects to the recommendation that summary judgment be granted on her hostile work environment claim, asserting that the Magistrate Judge minimized the severity of Defendants' conduct and improperly made credibility determinations. (DE 49 at 8–11.)

The Court overrules the objection. To survive summary judgment on a hostile work environment claim, Plaintiff must produce evidence that the alleged

7

harassment was (1) unwelcome, (2) based on race, (3) sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere, and (4) imputable to the employer. Pryor v. United Air Lines, Inc., 791 F.3d 488, 495-96 (4th Cir. 2015). Plaintiff's objection largely reiterates general assertions that her deposition testimony and communications with administrators demonstrate "pervasiveness" and discrimination, without identifying specific record evidence showing race-based conduct that was severe or pervasive. (DE 49 at 9–11.) Defendants likewise note that Plaintiff's filings rely on generalized references rather than pinpoint record citations establishing a triable issue. (DE 50 at 2–4.)

In any event, the Court has reviewed the record de novo and agrees with the Magistrate Judge's analysis. The Report identifies the conduct Plaintiff cited as creating a hostile environment: Mr. Hall's alleged micromanagement, raised voice, and "common sense" remarks; Plaintiff's assertion that he mocked her "African American vernacular"; a meeting in which Mr. Hall allegedly corrected Plaintiff's use of the phrase "didn't pass one lick"; and Plaintiff's allegation that Dr. O'Malley called her a "bitch." (DE 48 at 13–14.) The Report concludes that Plaintiff failed to show the alleged conduct was based on race, including because Plaintiff did not demonstrate that "didn't pass one lick" is recognized as vernacular of any specific race, and because the alleged "bitch" remark does not carry racial connotation. (DE 48 at 13–14.) The Report further concludes that, even assuming arguendo that any of the conduct could be viewed as race-based, the record does not show conduct that was sufficiently severe

or pervasive under the governing standard; at most, it reflects rude or callous behavior and workplace conflict. (DE 48 at 14–15.)

Plaintiff's objection does not identify record evidence from which a reasonable jury could find repeated race-based harassment that was sufficiently severe or pervasive to alter the terms and conditions of employment. (DE 49 at 8–11.) Accordingly, this objection is overruled.

C.   Retaliation

Plaintiff also objects to the recommendation that summary judgment be granted on her retaliation claim, contending that she engaged in protected activity and suffered an adverse employment action as a result. (DE 49 at 8–11.)

The Court overrules the objection. To establish a prima facie case of retaliation, Plaintiff must show that (1) she engaged in protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse action. See Guessous v. Fairview Prop. Investments, LLC, 828 F.3d 208, 217 (4th Cir. 2016). As the Report correctly explains, the record contains no evidence that Plaintiff engaged in protected activity within the meaning of Title VII. (DE 48 at 16.) The Report notes that Plaintiff points only to allegations in her Complaint that she sought relief from "discriminatory practices" by consulting "upper management through the chain-of-command," but Plaintiff did not support that allegation with record evidence. (DE 48 at 16.) The Report further explains that, at summary judgment, Plaintiff may not rely on beliefs, conjecture, speculation, or

conclusory allegations and must instead cite particular parts of materials in the record. (DE 48 at 16.)

Plaintiff's objection does not cure that deficiency. Plaintiff again relies on generalized assertions that Defendants discriminated and retaliated against her, without identifying record evidence establishing what protected activity she engaged in, when it occurred, or how it supports a triable retaliation claim. (DE 49 at 8–11.) On this record, Plaintiff has not created a genuine dispute of material fact as to the protected-activity element, and summary judgment is therefore appropriate. (DE 48 at 16.)

Accordingly, this objection is overruled. (DE 48 at 16.)

D.    Supplemental Jurisdiction

Plaintiff lastly objects to the recommendation that the Court decline to exercise supplemental jurisdiction over her remaining state-law claims. Because the Court agrees that summary judgment is appropriate as to Plaintiff's federal causes of action, it likewise agrees with the Magistrate Judge that the remaining state-law claims should be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

The Fourth Circuit has made clear that when the federal claims are resolved prior to trial, the district court has "wide latitude" in determining whether to retain jurisdiction over supplemental state-law claims. Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995). In exercising that discretion, courts consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Id. The Fourth Circuit has further

recognized that, in the usual case, when the federal claims are dismissed before trial, these factors weigh in favor of declining supplemental jurisdiction. Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001).

Here, this case is at the summary-judgment stage, no federal claims remain, and the remaining causes of action arise solely under state-law. The Court, therefore, declines to exercise supplemental jurisdiction over those claims.

Accordingly, Plaintiff's state-law claims are dismissed without prejudice.

## V. CONCLUSION

Accordingly, after a thorough review of the Report, objections, record, and applicable law, the Court overrules Plaintiff's objections and adopts the Report (DE 48) in its entirety. Defendants' Motion for Summary Judgment (DE 36) is granted as to Plaintiff's federal claims.

Having resolved all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law causes of action. See 28 U.S.C. § 1367(c); see also (DE 48 at 17). Those claims are dismissed without prejudice.

IT IS SO ORDERED.

Florence, South Carolina
February 26, 2026

Joseph Dawson, III
United States District Judge

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.